UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ashley Williams, | Case No. 23-cv-1528 (NEB/TNL) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Michael Segal, Warden, | |
| Respondent. | |

Ashley Williams, *pro se*, FCI-Waseca, P.O. Box 1731, Waseca, MN 56093

Adam J. Hoskins and Ana H. Voss, United States Attorney's Office, 300 S 4th St., Ste. 600, Minneapolis, MN 55415.

Petitioner Ashley Williams has filed a petition for a writ of habeas corpus asking the Court to direct the Federal Bureau of Prisons (BOP) to properly apply her First Step Act (FSA) time credits to her sentence. (Pet. [ECF No. 1]). Although Williams has not yet paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP), the Court nevertheless proceeds to a review of that petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Upon that review, this Court recommends that the petition be denied for failure to state a cognizable habeas claim.

On February 10, 2022, Williams pleaded guilty in the United States District Court for the Southern District of California to aiding and abetting possession of fentanyl with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) & 2. *See United States v. Barroso et al.*, 3:21-cr-

---

[1] Williams's habeas petition is not brought pursuant to 28 U.S.C. § 2254. Nevertheless, the Rules Governing Section 2254 Cases may be applied to her petition. *See* Rule 1(b).

1

03124-H-2 (S. D. Cal. Feb. 10, 2022) [ECF No. 32]. She was sentenced to a term of imprisonment of 48 months, followed by a three-year term of supervised release. *Id.* at [ECF No. 56] (filed August 1, 2022). She is currently serving that term of imprisonment at the Federal Correctional Institution in Waseca, Minnesota (FCI-Waseca).

In her habeas petition, Williams claims that 18 U.S.C. § 3632 requires the BOP to apply earned FSA credits towards a prisoner's release date regardless of the prisoner's recidivism risk level. (Pet. at 3 [ECF No. 1]). Williams contends that she has earned 420 FSA credits and asks that the Court order the BOP to apply these credits to her sentence, regardless of her recidivism level. *Id.* at p. 8.

Williams's claim concerns the application of the First Step Act of 2018 (FSA), which creates incentives for federal inmates to participate in and complete "evidence-based recidivism reduction programs" and "productive activities" recommended by their individualized risk and needs assessments. *See* 18 U.S.C. § 3632 *et seq.* One such incentive—and the incentive at issue here—is that eligible prisoners can earn time off their sentences for participating in and completing such activities. 18 U.S.C. § 3632(d)(4). In Williams's view, all federal inmates are eligible to earn time off their sentence, regardless of their recidivism level. (Pet. [ECF No. 1]). The Court does not share this view.

Pursuant to 18 U.S.C. § 3632(d)(4)(C), FSA credits are applied towards a prisoner's supervised release or pre-release custody dates in accordance with 18 U.S.C. § 3624(g). Section 3624(g), in turn, further defines which prisoners are eligible for their FSA credits to be applied towards their pre-release and supervised release dates. Pursuant to 18 U.S.C. § 3624(g)(1)(D)(ii), for FSA credits to be applied to the prisoner's supervised release date, the prisoner must have been determined to be "a minimum or low risk to recidivate pursuant to the last reassessment of the

prisoner." Thus, read together, although all eligible prisoners may earn FSA credits, *see* 18 U.S.C. § 3632(d)(4)(A), only those whose risk recidivism levels are "minimum" or "low" are eligible for those FSA credits to be applied to their supervised release date.

A close review of Williams's petition and accompanying exhibits shows that Williams's risk recidivism level is high.[2] (Exh. at p. 3 [ECF No. 1-2]).  In accordance with 18 U.S.C. § 3624(g)(1)(D)(ii), therefore, she is ineligible to have FSA credits applied towards her supervised release date. Thus, to the extent that Williams claims that the BOP erred in failing to apply her FSA credits against her supervised release date, such a claim fails as a matter of law.[3]

Pursuant to the FSA, time credits may also be applied towards a prisoner's pre-release custody date.  To be eligible, however, the prisoner's recidivism risk level must either be "minimum or low" pursuant to the last two reassessments of the prisoner *or* the prisoner "has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison . . . ." 28 U.S.C. § 3624(g)(1)(D)(i)(I)-(II).

Pre-release custody means placement in either home confinement or a residential reentry center (RRC). 18 U.S.C. § 3624(g)(2)(A)-(B).  A habeas petitioner, however, may challenge only the fact or duration of her confinement.  *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).  Federal courts consider claims related to a prisoner's placement in home confinement or at an RRC as claims concerning the *place* of the prisoner's confinement. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir.

---

[2] Williams does not appear to contest her risk recidivism level. Her claim, rather, is that her level is irrelevant for the purposes of applying her earned FSA credits towards her release date. (Pet. at p. 3 [ECF No. 1]). Pursuant to 28 U.S.C. § 3624(g)(1)(D), however, a prisoner's recidivism risk level clearly *does* matter. Accordingly, Williams's argument fails as a matter of law.

[3] The law is clear.  Thus, there is no basis for the Court to engage in any *Chevron*-like analysis of the BOP's program statement concerning its interpretation of the law. *See Ortega-Marroquin v. Holder*, 640 F.3d 814, 818 (8th Cir. 2011) (explaining that "the courts, as well as the agency, must give effect to the unambiguously expressed intent of Congress") (quoting *Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 842-43 (1984)).

2021) (discussing home confinement as a place of confinement); *see also Williams v. Birkholz*, Case No. 20-CV-2190 (ECT/LIB), 2021 WL 4155614, at *6 (D. Minn. July 20, 2021) ("A prisoner is transferred to home confinement not released to home confinement because home confinement is a place of incarceration."), *report and recommendation adopted by* 2021 WL 4155013 (D. Minn. Sept. 13, 2021). Accordingly, to the extent that Williams contends that her earned FSA credits should be applied towards her pre-release custody, such claims do not attack the legality of her detention, only the place of that detention. As such, a writ of habeas corpus is not available as a remedy to address this claim.[4] *See Jorgensen v. Birkholz*, No. 20-CV-2349 (NEB/DTS), 2021 2935641, at *1 (D. Minn. July 13, 2021) (explaining that the Court lacks subject matter jurisdiction to issue a write of habeas corpus where prisoner was challenging the place—as opposed to the fact or duration—of his detention).

In sum, the law expressly states that Williams—whose risk of recidivism is "high"—is not eligible to have her FSA credits applied to her supervised release date. 18 U.S.C. § 3624(g)(1)(D)(ii). Any claim related to her placement in pre-release custody under 18 U.S.C. § 3624(g)(1)(D)(i), moreover, is not cognizable as a habeas claim. This Court therefore concludes that Williams is not entitled to habeas corpus relief and recommends that her habeas petition be denied.

One final note, Williams contends that she has earned 420-time credits from April to May, (Pet. at p. 6 [ECF No. 1]), and that she will accumulate another 120-time credits after June. *See* (Exh. at p. 4 [ECF No. 1-2]). According to 18 U.S.C. § 3632(d)(4)(A), eligible prisoners earn "10 days of time credits for every 30 days of successful participation in evidence-based recidivism

---

[4] It is worth noting, moreover, that "it is [] well established that prisoners do not have a constitutional right to placement in a particular facility or place of confinement." *United States v. James*, 15-CR-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020).

reduction programming or productive activities" and a prisoner with a risk recidivism level of "minimum or low" may also be eligible to "earn an additional 5 days of time credits for every 30 days of successful participation" in such programming. 18 U.S.C. § 3632(d)(4)(A)(i)-(ii). Given the plain language of the statute, therefore, Williams's claim that she earned 420-time credits from April-May is simply not possible. Perhaps in Williams's view of the statute a prisoner enrolled in 10 evidence-based recidivism reduction programs simultaneously would earn 10 or 15 days of time credits each month for each one of those classes, or up to 150 credits in total. But, through its regulations, the BOP interprets the FSA as requiring credits to be awarded based on days spent in programming, not based on the number of programs attended. *See* 28 C.F.R. § 523.42(c)(1) ("For every thirty-day period that an eligible inmate successfully participates in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, the inmate will earn ten days of FSA Time Credits."). This interpretation of the FSA, however, has universally been rejected, including repeatedly here in this District. *See Rice v. Segal*, No. 23-CV-0751, (D. Minn. Apr. 24, 2023) [ECF No. 6]; *Sisson v. Segal,* No. 23-CV-0548, (D. Minn. Apr. 14, 2023) [ECF No. 5]; *Dale v. Hawkins*, No. H-22-3224, 2023 WL 2601215, at *5 (S.D. Tex. Mar. 22, 2023); *accord Bray v. Yates,* No. 2:22-CV-142, 2023 WL 2894918, at *6 (E.D. Ark. Apr. 11, 2023) (citing *Burruss v. Hawkins*, No. H-22-2740, 2023 WL 319955, at *6 (S.D. Tex. Jan. 19, 2023)). This Court agrees with the analysis found in those cases. Section 3632(d)(4)(A) does not require that the BOP award credits for each *program* completed. Instead, prisoners "shall earn . . . time credits for every 30 days of successful participation in evidence-based recidivism reduction *programming*." 18 U.S.C. § 3632(d)(4)(A)(i) (emphasis added). A prisoner who participates in one program or many programs simultaneously is equally "participati[ng] in evidence-based recidivism reduction programming," *id.*, and is equally eligible to receive the same amount of time credits. "Congress

made clear that a prisoner earns First Step Act Time Credits based on the number of days in which they participate in eligible programs, not the number of eligible programs in which they participate." *Dale*, 2023 WL 2601215, at *5. Accordingly, to the extent that Williams claims that the BOP has erred in failing to calculate that she has earned 120 FSA credits from April-May, such a claim fails as a matter of law.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT** Petitioner Ashley Williams's petition for habeas corpus relief under 28 U.S.C. § 2241 [ECF No. 1] be **DENIED**.

Dated: June____28____, 2023              *s/ Tony N. Leung*
                                         Tony N. Leung
                                         United States Magistrate Judge
                                         District of Minnesota

                                         *Williams v. Segal*
                                         Case No. 23-cv-1528 (NEB/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).